# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ULISSES CALZONCIT and KARLA CONTRERAS, ) ) | |
| ) | Case No. 17 cv 01824 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Judge John Robert Blakey |
| MENARD, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ulisses Calzoncit fell on some ice or snow in a Menard's parking lot in March 2016 and sustained injuries. On January 11, 2017, he and his wife, Plaintiff Karla Contreras, sued Defendant Menard, Inc. in the Circuit Court of Lake County, alleging negligence and loss of consortium. Menard timely removed the case to this Court. At the time of removal, this Court unquestionably had subject matter jurisdiction based upon the parties' diversity of citizenship: Plaintiffs are both Illinois citizens, and Defendant, a Wisconsin corporation, is a Wisconsin citizen. The parties agree that Plaintiffs' damages exceed $75,000.

On January 12, 2018, Plaintiffs filed a motion seeking leave to amend their complaint to add McGill Landscaping, Inc., an Illinois corporation, as a Defendant. *See* [41]. Plaintiffs argue that McGill may have been contractually obligated to provide snow and ice removal services to Defendant on the date of the incident, and may, therefore, be liable to Plaintiffs. Defendant opposes the motion.

Under Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave [to amend] when justice so requires"; generally, leave to amend should be given unless amendment would be futile, would cause undue delay or undue prejudice, or unless the party seeking leave does so in bad faith. *E.g., Life Plans, Inc. v. Security Life of Denver Ins. Co.* 800 F.3d 343, 357-58 (7th Cir. 2015) *(*quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

When the requested amendment seeks to add a nondiverse party whose presence in the lawsuit would destroy subject matter jurisdiction, however, 28 U.S.C. § 1447(e) governs. That statute provides a court faced with a motion like Plaintiffs' with two options: the court can either deny joinder or permit joinder and remand the case to state court. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996)). "These are the only options; the district court may not permit joinder of a nondiverse defendant and retain jurisdiction." *Schur*, 577 F.3d at 759. In deciding which option to choose, this Court must "balance the equities" and consider: (1) whether the plaintiff seeks joinder to defeat federal jurisdiction; (2) whether the request to amend is timely; (3) whether denying joinder will significantly injure the plaintiff; and (4) whether there are other relevant equitable factors counseling in favor of amendment or against. *Id.*.

Initially, this Court has no reason to doubt Plaintiffs' motive in seeking leave to amend. Plaintiffs did not challenge the removal of this action, and did not seek leave to join McGill until it became clear in discovery that joinder was appropriate.

2

By August 30, 2017, Plaintiffs had a copy of the "Per Inch Snow Plowing and Ice Removal Agreement" executed by Menard and McGill on December 19, 2015. [41-2]. Under that contract, McGill agreed to perform "snow plowing, ice removal, and related services" at Menard's "place of business including parking lot" when "a snow or ice event occurs," unless Menard told it in writing not to perform such services. *Id.* The contract obligated McGill "to use the appropriate amount of salt and ice melt to maintain a safe parking lot and yard for Menard customers and employees." *Id.* ¶ 5. To this end, "[s]alt and ice melt will be applied after all snow events and in the event of freezing rain or ice accumulations to keep the lots safe for all customers and Menard employees. At the discretion of [McGill], a de-icing agent may be used before all ice or freezing rain events." *Id.* Finally, the contract required McGill to "defend, indemnify and hold harmless Menard, its agents and its employees from any liability, damages, expenses, claims, demands, actions or causes of action, including attorney fees, arising out of performance of the work hereunder . . . ." *Id.* ¶ 16. These contractual provisions give rise to a valid theory of liability against McGill. Indeed, looking at the contract alone, it would appear that Plaintiffs jeopardize any potential recovery in this lawsuit if they don't join McGill.

Menard appears to have taken the position in discovery that any liability for Plaintiffs' injuries would rest with it, and not with McGill. Indeed, at oral argument on Plaintiffs' motion, Defendant represented that Menard, and not McGill, would "fall on the sword" for the alleged incident. These representations do not stem from the contract–indeed, they ostensibly conflict with the contract and

3

lack confirmation in any other documentation. As a result, this Court cannot say that Plaintiffs' attempt to pursue claims against McGill is baseless.

Nor can the Court say that Plaintiffs waited too long to bring this motion. Plaintiffs argue that they did not realize they needed to add McGill until November 3, 2017, when they deposed Menard's general manager, who testified concerning Menard's interpretation of the relevant contract provisions. Menard argues that Plaintiffs knew about the contract by August 30, 2017. Either way, the Court finds that Plaintiffs timely sought leave to join McGill. Given Menard's position on the issue, Plaintiffs reasonably took time to digest any inconsistencies between the contractual provisions and the parties' interpretation of those provisions.

The Court turns next to any prejudice that could potentially result from its decision on this motion. First, allowing the amendment would require the Court to remand, thereby depriving Menard of its chosen forum. "Defendant's interest in a federal forum is obviously legitimate and is institutionalized in our federal laws." *Roberts v. Standard Ins. Co.*, No. 04 C 2027, 2004 WL 2367741, at *5 (N.D. Ill. Oct. 15, 2004). On the other hand, denying amendment puts Plaintiffs in the unenviable position of having to pursue a parallel state court action against McGill to preserve their right to recover for the injuries alleged in this lawsuit. Menard suggests that Plaintiffs need not pursue McGill because it has assumed responsibility for the maintenance of the parking lot on the date of the incident. But given the language of the contract, and the lack of documentation to support Menard's position, it would be unreasonable to expect Plaintiffs to refrain from protecting its rights, and

4

pursuing its claims against McGill, solely because of Menard's oral assurances. Indeed, although Menard has represented that it will "fall on the sword," it continues to contest liability. In short, this Court's ruling will prejudice one side no matter what. But the prejudice to Plaintiffs from a denial of joinder is greater than the prejudice to Menard from allowing it.

## CONCLUSION

For the reasons explained above, the Court finds that the equitable factors relating to 28 U.S.C. § 1447(e) favor Plaintiffs. Accordingly, the Court grants Plaintiffs' motion for leave to amend their complaint to join McGill as a defendant in this action [41], and thus, remands the case to state court. All set dates and deadlines are stricken, and all other pending motions are terminated.

Dated: January 24, 2018

                               Entered:

                               John Robert Blakey
                               United States District Judge